UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANE YEAGER,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | No. CV-07-200-JPH<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND REMANDING FOR<br>FURTHER ADMINISTRATIVE<br>PROCEEDINGS |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 14, 17). Attorney Lora Lee Stover represents Plaintiff; Assistant United States Attorney Frank A. Wilson and Special Assistant United States Attorney L. Jamala Edwards represent Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 9.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment (Ct. Rec. 14) and remands for further administrative proceedings. Defendant's Motion for Summary Judgment (Ct. Rec. 17) is **DENIED.**

**JURISDICTION**

On April 28, 2004, plaintiff Shane Yeager (Plaintiff)

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 1

protectively filed applications for disability insurance benefits (DIB) and supplemental security income (SSI). (Tr. 39-41, 61-63.) Plaintiff alleged disability due to leg and back pain, hearing loss in the right ear, arthritis, hand tremors, and mental impairments, with an onset date of January 1, 1995. (Tr. 39, 57, 67.) On reconsideration, Plaintiff alleged degenerative disc disease (DDD), arthritis, pain disorder, and a learning disorder. (Tr. 36.) Benefits were denied initially and on reconsideration. (Tr. 36-37, 53-56.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard A. Say on September 21, 2006. (Tr. 640-664.) At the hearing, Plaintiff, who was represented by counsel, testified, as did vocational expert (VE) Fred Cutler. The ALJ denied benefits and the Appeals Council denied review. (Tr. 16-27, 7-9.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF FACTS**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was 18 years old at onset and 30 at the time of the hearing. (Tr. 641.) (Tr. 61.) As a child Plaintiff was assessed with mild mental retardation and given special educational assistance. (Tr. 122.) He attended an alternative high school and completed the tenth grade. (Tr. 61, 132.) Plaintiff has past relevant work as a commercial/institutional cleaner and general foundry worker. (Tr. 68.) Although the ALJ acknowledged evidence of drug-seeking tendencies (Tr. 22), he did not perform an analysis pursuant to *Bustamante v. Massanari*, 262 F. 3d 949 (9th Cir. 2001).

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 2

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a Plaintiff is not only unable to do previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F. 3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404. 1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 3

Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past. If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404. 1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered. If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

  The initial burden of proof rests upon Plaintiff to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F. 2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F. 3d 1111, 1113 (9th Cir. 1999). The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that: (1) Plaintiff can perform other substantial gainful activity, and (2) a "significant number of

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 4

jobs exist in the national economy" which Plaintiff can perform. *Kail v. Heckler*, 722 F. 2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction ("DAA") is not a contributing material factor to disability. *Ball v. Massanari*, 254 F. 3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382(a)(3)(J); *Sousa v. Callahan*, 143 F. 3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If the ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether DAA is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled and there is medical evidence of drug addiction or alcoholism, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs. *Bustamante v. Massanari*, 262 F. 3d 949 (9th Cir. 2001).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F. 2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F. 2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F. 2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F. 2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F. 2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner* v. *Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative

1  findings, or if there is conflicting evidence that will support a
2  finding of either disability or nondisability, the finding of the
3  Commissioner is conclusive. *Sprague v. Bowen*, 812 F. 2d 1226, 1229-
4  1230 (9th Cir. 1987).

**ADMINISTRATIVE DECISION**

At the onset, ALJ Say noted that Plaintiff met the requirements of the Act and is insured for DIB through June 30, 2000. (Tr. 16.) At step one, the ALJ found Plaintiff had unsuccessful work attempts but had not engaged in substantial gainful activity during the relevant time. (Tr. 18.) At step two, he found Plaintiff had severe impairments of mild degenerative disc disease, back pain, left knee chondromalacia post surgery, and borderline intellectual functioning. (Tr. 19.) At step three, he determined these impairments did not meet the requirements of any Listed impairments. (Tr. 20.) He found Plaintiff less than completely credible. (Tr. 21-23.) The ALJ found that Plaintiff has the RFC for light work, including the ability to sit for 2 hours, and stand or walk for 6 hours in an 8 hour day; he must, however, be able to alternate sitting and standing from time to time. (Tr. 20.) With respect to mental impairments, Plaintiff needs work which does not require frequent adaptation to change. (Tr. 20.) At step four, relying on the VE's testimony, the ALJ found that Plaintiff is able to perform his past relevant work as a commercial/institutional cleaner. (Tr. 25.) At step five, the ALJ alternatively found Plaintiff can perform other work, including assembly. (Tr. 26.) The ALJ found Plaintiff was, therefore, not under a "disability" as defined by the Social Security Act. (Tr. 26-27.)

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 7

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred in weighing the medical evidence and assessing Plaintiff's credibility. (Ct. Rec. 15 at 9-10.) The Commissioner responds that the ALJ properly weighed the medical evidence and gave clear and convincing reasons for finding Plaintiff less than fully credible. The Commissioner asks that the court affirm the ALJ's decision. (Ct. Rec. 18 at 6-17.)

**DISCUSSION**

**A.   Weighing Medical Evidence**

1. Step Two - DDD and back pain

Plaintiff argues that the ALJ erred at step two by describing his back impairment as both severe and mild. (Ct. Rec. 15 at 13, referring to Tr. 19.) The Commissioner responds that the ALJ "rationally interpreted the evidence in finding that Plaintiff's mild degenerative disk disease was a severe impairment." (Ct. Rec. 18 at 11.)

To satisfy step two's requirement of a severe impairment, the Plaintiff must provide medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20. C.F.R. § 416.929. The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe *only*

when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citing Social Security Ruling 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154.

At step two, the ALJ found that Plaintiff has the following severe impairments: mild degenerative disk disease with back pain, left knee chondromalacia post surgery, and borderline intellectual functioning. (Tr. 19.)

Plaintiff has a long history of back pain. When he injured his neck and lower back in a car accident in September of 1994, Plaintiff told medical personnel he suffered a similar injury, also caused by a car accident, 3 to 4 years earlier. (Tr. 145-146.) At the ER Plaintiff was given medication and instructions on treating neck and back strain. (Tr. 147.) The pain resolved but returned three months later (on December 16, 1994), when chopping and stacking wood caused Plaintiff to suffer back spasms. (Tr. 149.) Medication was prescribed.

When Plaintiff returned to the hospital 10 days later (on December 26, 1994), the ER physician was unwilling to continue prescribing narcotics and substituted muscle relaxers and anti-inflammatory medication. Plaintiff was referred to physical therapy

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 9

for cervical strain with disc bulging at C4-5. (Tr. 151-154.)

Thereafter, Plaintiff was seen in the ER: (1) on August 17, 1995, for muscular low back pain caused by a car accident; medication was prescribed (Tr. 156-157); (2) on October 21, 1995, for neck and right pectoral muscle strain after helping a relative load firewood (Tr. 159); (3) for cervical strain after a car accident on November 25, 1995, when he was placed in a cervical collar and given norflex instead of the soma as requested (Tr. 163-164), and (4) on April 17, 1997, for cervical and thoracic strain after a car accident. (Tr. 167-168.)

On February 3, 1999, examining physician Jon Stevenson, M.D., opined "it is highly likely that he, in fact, does have ankylosing spondylitis." (Tr. 178.) Dr. Stevenson made this assessment based on Plaintiff's positive result on a blood test, together with other factors. (Id.) After he reviewed spinal x-rays, Dr. Stevenson characterized Plaintiff's early spondylathropy as "questionable," but noted that positive blood test results, symptomology and family history are all consistent with ankylosing spondylitis. (Tr. 179.)

The ALJ included Plaintiff's mild DDD and back pain as a severe impairment at step two. The assessed RFC includes some limitation attributable to back pain, specifically, the need to change position from time to time.

Objective testing reveals that the claimed impairment of chronic back pain is clearly not groundless or frivolous. As chronic back pain has more than a "de minimus" effect on Plaintiff's ability to work, the ALJ correctly included it as a severe

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 10

impairment at step two.

2. Treating Physicians and PCE Evaluation

    Plaintiff alleges that the ALJ failed to properly weigh the opinions of treating physicians Figueroa and Ortiz, and of a physical capacity evaluation on August 31, 2001, which is not signed by an examiner. (Ct. Rec. 15 at 14-15).

    The ALJ gave little weight to the opinion of treating physician Edgar Figueroa, M.D.:

> The medical record did contain a doctor's note from Dr. Edgar Figeroa, M.D., indicating the claimant was unable to work due to ankylosis spondylitis. However, this note was not dated and there is no indication to whom this note is written. The undersigned gave little weight to this note.

(Tr. 24.)

    The ALJ gave little weight to the May 8, 2003, opinion of treating physician Ronald Ortiz, M.D., that

> the claimant would benefit from employment but could do no more than a minimal amount of work. Exhibit 27F/4. Dr. Ortiz did not explain what he meant by minimal amount of work. This makes it impossible for the undersigned to know what Dr. Ortiz believed to be the extent of the claimant's limitations. However, on subsequent . . . physical evaluation forms, Dr. Ortiz opined the claimant could perform sedentary work. Exhibit 27F/11-14, 21-24. He opined the claimant had moderate to marked limitations . . . In this case, the undersigned finds the medical record does not support the opinion of the treating physician and that other opinions are more consistent with the record as a whole.

(Tr. 24.)

    Dr. Ortiz's May 8, 2003, opinion states:

> Mr. Yeager has had long term low back pain. He has been through multiple types of pain management therapy and still has complaint of incapacitating pain. He has been on long-term narcotic use.
>
> I would like to have him evaluated by neurology for any

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 11

> other input it might add to his management.
>
> In respect to his employability, assessment is appropriate. **I feel at some point this young man would benefit by having gainful employment**, though at present his status is such [that] I doubt that he can do more than a minimal amount.

(Tr. 453)(emphasis added). The ALJ mischaracterizes this statement. The treating physician opined that at some point Plaintiff would benefit by having employment; clearly implying that, at present, Dr. Ortiz believed Plaintiff was unable to work, subject to future neurological and other employability assessments.

The other medical evidence the ALJ relied on to reject the opinions of these treating physicians includes a later opinion, also by a treating physician, on October 4, 2004, that Plaintiff's MRI (in 2002 and 2004) and nerve conduction studies do not support a diagnosis of nerve damage or ankylosing spondylitis. (Tr. 569.) Geoffrey Jones, M.D., went on to note that "unfortunately he still has very disabling pain." (Tr. 569.) This portion of Dr. Jones's opinion is not noted by the ALJ.

When weighing the medical evidence, the ALJ considered Plaintiff's credibility, and found him less than completely credible. (Tr. 21). Credibility determinations bear on the evaluation of medical evidence when an ALJ is presented with conflicting medical opinions. *Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

"If the claimant produces evidence to meet the *Cotton*[1] test and there is no evidence of malingering, the ALJ can reject the

---

[1] *Cotton v. Bowen,* 799 F. 2d 1403 (9th Cir. 1986).

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 12

claimant's testimony about the severity of [his] symptoms only by offering clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F. 3d 1273, 1281 (9th Cir. 1996). "[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F. 3d 676. 680 (9th Cir. 2005).

There is no evidence of malingering. The parties are correct that the ALJ was required to give specific, clear, and convincing reasons for rejecting Plaintiff's testimony. The ALJ found Plaintiff less than completely credible for several reasons: (1) Dr. Hahn noted on April 17, 2000, that Plaintiff "moved without much discomfort"; (2) in March of 2001, Plaintiff reported carrying a 27 inch television set, but testified at the hearing he cannot lift much more than a gallon of milk; (3) a report in February of 2004 indicated Plaintiff could constantly lift 35 pounds from floor to knuckle, 22.5 pounds knuckle to shoulder, and 0 pounds shoulder to overhead, as well as walk for at least 12 minutes at 2 miles an hour; (4) taking his daughter trick or treating in 2003 is inconsistent with Plaintiff's testimony that he can only walk short distances; (5) Plaintiff told his doctor in 2004 he did activities around the house and participated in raising his daughter; (6) in December of 2004 Plaintiff stated he had done some work on a farm when he was able; (7) Plaintiff's drug-seeking behavior undermines his credibility, and (8) the medical record does not support Plaintiff's subjective complaints. (Tr. 21-22.)

Some of the ALJ's reasons, including 1, 4 and 5 are not convincing: (1) a single observation of moving "without much

discomfort" does not detract from Plaintiff's credibility, in part because the statement implies some discomfort was observed. (4) Taking his child trick-or-treating in 2003 for an unspecified duration and distance does not logically undermine Plaintiff's claim that he is able to walk only short distances. (5) Plaintiff's statement that he does activities around the house and helps with raising his daughter does not, by itself, diminish his credibility.

While it is well-established that the nature of daily activities may be considered when evaluating credibility, many home activities are not transferable to the more grueling environment of the workplace, where it might be impossible to rest or take medication. *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 19890). The ALJ erred by relying on the vague statement of "activities around the house" to impugn Plaintiff's credibility, particularly when Plaintiff's self-reports describe limited home activities: sleep difficulty at night, resting during the day, problems with memory and attention, very limited cooking, no cleaning, reading and watching television, and camping once or twice a year. (Tr. 86-88.)

The ALJ's reason (2), carrying a television once in 2001, is not convincing. Reason (8), the medical record failing to support the degree of claimed impairment, is not supported by substantial evidence. Reason (3), 2004 testing showing ability to lift 35 pounds and walk for 12 minutes, and (6), Plaintiff said that he worked on a farm when able, are more persuasive, but fall short of establishing clear and convincing reasons supported by substantial evidence for finding Plaintiff less than credible.

With respect to the ALJ's remaining reason, drug-seeking

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 14

behavior (7), he stated:

> There is medical evidence in the record of drug-seeking tendencies. Exhibit 9F/5. In April 2003, the claimant alleged his vehicle was impounded with his prescriptions inside. He was informed his medication would only be refilled for this type of problem one time. Exhibit 27F/1. The claimant reported on at least one occasion that he used more pain medication that prescribed. Exhibit 27F/10. When doctors offered alternative relief, the claimant refused. Exhibits 16F/2 and 17F/14. At Holy Family Hospital, the claimant's medical record was "four-starred" due to suspicion of drug seeking. Exhibit 17F/4. In February of 2003, the claimant had taken methadone from his mother. It was noted the claimant was not providing reliable information concerning his prescription drug use. Exhibit 20F/3. The undersigned finds the claimant's drug-seeking behavior undermines his credibility.

(Tr. 22.)  The ALJ does not mention Exhibit 18F, where examining psychologists Donald Crawford, M.S., and Mahlon Dalley, Ph. D., recommended Plaintiff be referred for a substance abuse evaluation to determine addiction and treatment recommendations for his prescribed medications. (Tr. 294.)

The Commissioner cites *Edlund v. Massanari*, 253 F. 3d 1152 (9th Cir. 2001) in support of the ALJ's reliance on this factor when he weighed Plaintiff's credibility. (Ct. Rec. 18 at 9.)

The Commissioner's reliance on *Edlund* is misplaced. The ALJ in *Edlund* cited the likelihood that, unbeknownst to the treating physician, Edlund was exaggerating his complaints of physical pain in order to receive prescription pain medication to feed his valium addiction. It was believed that Mr. Edlund traded his prescription pain medication for valium "on the street." *Edlund*, 253 F. 3d at 1154-1155.  Accordingly, the ALJ properly concluded that "the claimant's complaints are not credible or supported by substantial

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 15

evidence." *Edlund*, 253 F. 3d at 1157 (citation original).

In this case at least one examiner has opined that Plaintiff may have substance abuse issues. (Tr. 294.) Drug-seeking behavior does not by itself constitute clear and convincing evidence for disregarding Plaintiff's complaints of pain and limitation. It does not appear that the ALJ's credibility finding is based on clear and convincing reasons supported by substantial evidence.

The ALJ erred in another respect when he assessed the medical evidence. The ALJ failed to give specific reasons for rejecting treating physician Dr. Ortiz's assessed moderate and marked limitations. (Tr. 24.)

The unsigned physical capacity evaluation opines Plaintiff was able to perform sedentary to light work. (Tr. 264-267.) At that time, Plaintiff was prescribed oxycontin, soma, paxil and lodine, used a contour neck pillow, and, every other day, a TENS unit. (Tr. 264.) Plaintiff opined he could stand for an hour and walk 3 to 6 blocks. (Tr. 265.) Physical testing showed impairment. (Tr. 265-266.) Written testing (which the examiners felt appeared valid), showed no exaggeration of symptoms, no increased emotional content to pain, and that Plaintiff views himself as moderately impaired. (Tr. 266.) The examiners opined that Plaintiff probably could have controlled his pain level better by reducing his effort. (Tr. 266.)

As noted, the ALJ found that the PCE was entitled to little weight because it was unsigned. (Tr. 24.) The ALJ is correct. See *e.g., Holohan v. Massanari*, 246 F. 3d 1195, 1203 n. 2 (9th Cir. 2001)(unsigned and unsupported medical record entitled to little if any weight). On remand the ALJ may find the opinion of a medical

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 16

adviser helpful with respect to some of the contradictory physical examination and psychological findings; a medical adviser may also be able to clarify how often and for how long Plaintiff is required to change positions.

The ALJ fails to adequately reject the October 25, 2002, diagnosis of examining psychologists Crawford and Dalley that Plaintiff suffers from a pain disorder associated with both psychological factors and a medical condition, rule out opioid dependence, and is assessed with a current GAF of 52.[2] (Tr. 294.)

The ALJ gave no reason for rejecting the opinion of agency psychologist Edward Beatty, Ph.D., that Plaintiff is moderately limited in (among other areas) his ability to maintain attention and concentration for extended periods. (Tr. 523-525.) The ALJ includes Dr. Beatty's assessed moderate limitation in the ability to adapt to changes in the workplace. The ALJ "agrees" with the opinions of Drs. Beatty and Mee (Tr. 20), but the moderate limitation as to attention and concentration is not included in Plaintiff's RFC. The ALJ erred by giving no reason for failing to include the limitation in the RFC.

**B. Remand**

---

[2]E A Global Assessment of Functioning (GAF) of 52 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational or school functioning (e.g., few friends, conflicts with peers or co-workers. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4th Ed., (DSM-IV), at 32.

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 17

There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining psychologist or physician. The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester,* 81 F.3d at 834; *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Under the alternate approach found in *McAllister*, *supra,* a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Benecke*, 379 F.3d at 594 (court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990)(*citing McAllister)*; *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).

Remand is appropriate because the ALJ's RFC and credibility assessment are not supported by substantial evidence and free of legal error. The opinions of appointed medical experts may be useful on remand. The ALJ may wish to clarify how often Plaintiff needs to alternate positions, if this limitation is again included in the RFC. After further proceedings, an analysis of the effects of substance abuse may be required.

**CONCLUSION**

The ALJ's RFC and credibility assessment are based on legal error and not supported by substantial evidence. Accordingly,

**IT IS ORDERED:**

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 18

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED**. This matter is remanded to the Commissioner for further administrative proceedings.

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 17)** is **DENIED.**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED April 10, 2008.

                                    S/ JAMES P. HUTTON
                                    JAMES P. HUTTON
                                    UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR
FURTHER ADMINISTRATIVE PROCEEDINGS
- 19